UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHAWN DAVIS,

                                Petitioner,

               v.                                  9:06-CV-0284 (TJM)(GJD)

T.R. CRAIG, Warden, FCI Ray Brook,

                                Respondent.
_____

APPEARANCES:

SHAWN DAVIS
Petitioner, *pro se*

THOMAS J. McAVOY, SENIOR JUDGE

## DECISION and ORDER

Presently before the Court for consideration is a petition from *pro se* petitioner Shawn Davis seeking habeas corpus relief from his sentence. Dkt. No. 1.

Petitioner states that he was convicted in the United States District Court for the Eastern District of Pennsylvania of conspiracy to possess with intent to distribute cocaine and heroin, and was sentenced in January, 1993 to a term of 235 months imprisonment and 5 years of supervised release. *Id*. at 1. Petitioner now seeks relief from his sentence, claiming that it was imposed in violation of *United States v. Booker*, 543 U.S. 220 (2005).[1] *Id*. at 3.

A prisoner in custody under sentence of a federal court who wishes to collaterally attack the validity of his conviction or sentence may file a motion in the sentencing court

---

[1] In *Booker*, the Supreme Court held that "two provisions of the Sentencing Reform Act of 1984 (SRA) that have the effect of making the Guidelines mandatory must be invalidated in order to allow the statute to operate in a manner consistent with congressional intent." *Booker*, 543 U.S. 220, 226-27, 125 S.Ct. 738, 746.

pursuant to 28 U.S.C. § 2255.  *See* 28 U.S.C. § 2255.  A § 2255 motion is subject to a one year limitations period.  In addition, § 2255 contains a gatekeeping provision that limits a petitioner's ability to file a second or successive § 2255 motion.  The statute provides, in pertinent part, that

> [a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>     (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>      (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

By contrast, a petition pursuant to 28 U.S.C. § 2241 is the proper means to challenge the execution of a sentence.  *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004); 28 U.S.C. § 2241.  For example, a § 2241 petition may be used to challenge computation of a sentence by federal officials, parole decisions, or prison disciplinary actions.  *See Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001).  A federal prisoner may generally not seek relief from his conviction or sentence pursuant to a § 2241 petition.

Petitioner, who does not state whether he challenged his conviction and sentence by motion pursuant to § 2255, apparently seeks to invoke the so-called "savings clause" of § 2255, which permits a federal prisoner to seek relief under § 2241 if he can show that his remedy under § 2255 is "inadequate or ineffective to test the validity of his detention." 28 U.S.C. § 2255; *see Triestman v. United States*, 124 F.3d

361 (2d Cir. 1997).

The § 2255 "savings clause" was discussed at length by the Second Circuit in *Triestman*. The Circuit cautioned that the remedy provided by the savings clause is narrow, and exists solely "to preserve habeas corpus for federal prisoners in those extraordinary instances where justice demands it." *Triestman*, 124 F.3d at 378 (citations omitted). This interpretation of § 2255's savings clause limits habeas relief to those circumstances where § 2255's remedy is unavailable and the "failure to allow for collateral review would raise serious constitutional questions." *Triestman*, 124 F.3d at 377.[2]

While a § 2241 petition might be available in certain extraordinary circumstances to grant habeas corpus relief from a conviction an sentence, it is not available to petitioner in this case. The Second Circuit has held that "Booker is not retroactive, i.e., it does not apply to cases on collateral review where the defendant's conviction was final as of January 12, 2005, the date that Booker issued." *Guzman v. United States*, 404 F.3d 139, 144 (2d Cir. 2005). Thus, petitioner is not caught in a gap between remedies that may be filled by the use of a common law writ; rather, he is absolutely barred from presenting his claim because the Supreme Court's holding in *Booker* does not apply to his conviction and sentence.

---

[2] In *Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003), the Second Circuit reaffirmed its prediction in *Triestman* that "the types of cases raising such serious constitutional questions would be 'relatively few.'" The *Cephas* Court also stated that "to date we have recognized only one: cases involving prisoners who (1) can prove 'actual innocence on the existing record,' and (2) 'could not have effectively raised [their] claim[s] of innocence at an earlier time.'" *Id.*(quoting *Triestman*, 124 F.3d at 363) (footnote omitted).

3

WHEREFORE, it is hereby

ORDERED, that the petition for writ of habeas corpus filed by petitioner (Dkt. No. 1) is denied and dismissed, and it is further

ORDERED, that the Clerk serve a copy of this Order on petitioner.

IT IS SO ORDERED.

Dated: May 16, 2006

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge